2 CIT/ ESERVE (JURY DEMAND)

Case 3:20-cv-03726-C   Document 1-6   Filed 12/28/20   Page 1 of 7   PageID 15

FILED
11/3/2020 10:02 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-16452

## CAUSE NO. _____

| | | |
|---|---|---|
| **SAMANTHA NICOLE GALVAN**<br>**Plaintiff,** | § § § § § § § § § § § § § | **IN THE DISTRICT COURT** |
| **VS.** | | 95TH<br>\_\_\_ **JUDICIAL DISTRICT** |
| **REGINALD JEROME HOWELL and**<br>**GLOBAL CARGO TRUCKING, INC.**<br>**Defendants.** | | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff SAMANTHA NICOLE GALVAN complaining of Defendants REGINALD JEROME HOWELL and GLOBAL CARGO TRUCKING, INC. and would respectfully show the Court and Jury as follows:

### I.
### DISCOVERY LEVEL

Pursuant to Texas Rules of Civil Procedure 190.4, Plaintiffs move the Court to set this case for a Level III Discovery Control Plan.

### II.
### PARTIES

Plaintiff SAMANTHA NICOLE GALVAN is an individual who resides in Dallas County, Texas, and may be contacted only through the undersigned attorneys of record.

Defendant REGINALD JEROME HOWELL is an individual who resides in McLean County, Illinois and may be served with process at <u>1434 E. College Ave. Apt. 1, Normal, IL 61761-2032</u>, or wherever he may be found.

Defendant, GLOBAL CARGO TRUCKING, INC., is a business or trade name for a business that is a proprietorship, partnership, corporation, or subsidiary or division of a corporation or partnership, engaged in doing business in the State of Texas with its principal place of business in Bloomington, Illinois, which is located in McLean County. Defendant GLOBAL CARGO

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND                                    P a g e | 1

TRUCKING, INC., has designated Edyta Ksiag as its registered agent for service of process. Therefore, said corporation may be served with process at its registered agent, Edyta Ksiag, 600 Tollgate Road, Suite C, Elgin, Illinois 60123, or wherever it may be found, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045.

## III.
## VENUE AND JURISDICTION

Venue of this lawsuit is proper in Dallas County because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County. *See* Texas Civil Practice and Remedies Code section 15.002 (a) (1).

Jurisdiction is appropriate in this court because Plaintiff seeks monetary relief equal to or less than $100,000.00 and non-monetary relief, which is within this Court's jurisdictional limits.

## IV.
## VICARIOUS LIABILITY - RESPONDEAT SUPERIOR

On information and belief, the acts of Defendant REGINALD JEROME HOWELL were performed while in the employment of Defendant GLOBAL CARGO TRUCKING, INC., and were within the scope of that employment or within the authority delegated to the employee. Whenever in this Petition it is alleged that Defendants did, or failed to do, any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did, or failed to do, that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendant, and in the furtherance of Defendant's business. Pursuant to Texas Rule of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## V.

## **JOINT ENTERPRISE**

All of the allegations contained in the previous paragraphs are re-alleged herein.

GLOBAL CARGO TRUCKING, INC., (hereinafter "GLOBAL") should be held vicariously liable for all actions and omissions of its employee Defendant REGINALD JEROME HOWELL, because at the time of the event at issue, Defendants were engaged in a joint enterprise with each other and had an agreement, a common purpose, a community of pecuniary interest in that common purpose, and an equal right to direct and control the enterprise.

Under information and belief, at the time of the event at issue, the driver for GLOBAL, REGINALD JEROME HOWELL, was acting within the scope of the enterprise. Consequently, each party involved in the enterprise is considered an agent of the other and all parties and they become liable for the negligent acts of others.

## VI.
## FACTS

### *The Collision*

On or about January 11, 2019, Plaintiff SAMANTHA NICOLE GALVAN was driving Southbound on Cedar Springs Road in her 2003 Green Honda CR-V in Dallas County, Texas when suddenly and without warning, Defendant REGINALD JEROME HOWELL, who was driving a 2016 White Volvo power unit, towing a large trailer, made a left turn across Cedar Springs Road directly in front of Plaintiff to enter a private drive. Despite Plaintiff's attempt to avoid crashing into the tractor trailer, because Defendant abruptly and quickly turned across the road without yielding to Plaintiff, it was impossible for Plaintiff to avoid hitting Defendant.

Because of the collision, Plaintiff sustained injuries to her neck, middle back, lower back, right shoulder, left shoulder, head and lower extremities. Plaintiff has received extensive medical treatment for the injuries that she sustained in this crash.

## VII.
## NEGLIGENCE

All of the allegations contained in the previous paragraphs are re-alleged herein.

Negligence here is pleaded as ordinary negligence. All such theories are pleaded cumulatively and in the alternative.

### *Ordinary Negligence*

Through its employee, REGINALD JEROME HOWELL, GLOBAL had a duty to exercise the degree of care that a reasonably careful driver would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff would show the Court that at the time and place of the event hereinabove described, Defendant was guilty of the following acts of negligence to wit:

a. Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b. Operating the power unit without due regard for the rights of others;

c. Failure to operate the power unit in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances;

d. Failure to maneuver the vehicle in a reasonable and safe manner so as not to endanger other motorists;

e. Failure to take proper evasive action;

f. Failure to drive attentively

g. Failure to make a timely application of the brakes; and

h. Failure to adhere to and follow the Texas Commercial Motor Vehicle Driver's Handbook, the Federal Motor Carrier Safety Regulations Handbook, and the Texas Transportation Code;

i. Failure to maintain an assured safe clear distance between the power unit and Plaintiff SAMANTHA NICOLE GALVAN'S vehicle;

j. Failure to obtain the necessary training, education, and knowledge to safely operate the power unit and trailer in question; and

    k. Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

Each of such acts and omissions, singularly or in combination with others, were a proximate cause of the injuries of Plaintiff, SAMANTHA NICOLE GALVAN, which Plaintiff prays for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission were the proximate cause of the collision and of Plaintiff's damages, for which Plaintiff prays for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VIII.
## DAMAGES

Defendants' conduct, as alleged hereinabove, was a direct, proximate, and producing cause of Plaintiff's damages resulting from their injuries, and of the following general and special damages including:

a) The physical pain and suffering and mental anguish sustained by Plaintiff in the past;

b) The physical pain and suffering and mental anguish, that Plaintiff will, in reasonable probability, sustain in the future;

c) The physical impairment suffered by Plaintiff in the past;

d) The physical impairment that each Plaintiff will, in reasonable probability, sustain in the future;

e) The past disfigurement suffered by Plaintiff in the past;

f) The future disfigurement that Plaintiff will, in reasonable probability, sustain in the future;

g) Medical expenses incurred by Plaintiff in the past;

h) Medical expenses that Plaintiff will, in reasonable probability, incur in the future;

i) Plaintiff's loss of earnings sustained in the past;

j) The lost earning capacity that Plaintiff will, in reasonable probability, sustain in the future; and

k) Pre-judgment and post-judgment interest.

l) Court costs

m) All other relief to which Plaintiff is entitled.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

By their acts and omissions described herein, Defendants intentionally, knowingly and/or recklessly caused serious bodily injury to Plaintiff SAMANTHA NICOLE GALVAN within the meaning of Texas Civil Practices and Remedies Code Section 41.008(c)(7).

## X.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiff's written discovery requests.

## XI.
## REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants REGINALD JEROME HOWELL and GLOBAL CARGO TRUCKING, INC. provide responses to Plaintiff's requests for disclosure of the information or material described in Rule 194.2(a)–(l).

## XII.
## JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein and, that upon final trial, Plaintiff has judgment against Defendants for all damages proved, all of which are within the jurisdictional limits of this Court, for costs of court, for prejudgment interest in accordance with the law and for interest on the judgment until the time the judgment is paid, and for such other and further relief to which Plaintiff may show themselves to be justly entitled

Date: November 3, 2020

Respectfully submitted,

SIMON GREENSTONE PANATIER, PC

By: /s/ *Orlando Vera*
**ORLANDO VERA**
State Bar No. 24100018
**CHARLES E. SOECHTING, JR.**
State Bar No. 24044333
1201 Elm Street, Suite 3400
Dallas, TX 75270
Telephone: (214) 276-7680
Facsimile: (214) 276-7699
overa@sgptrial.com
ces@sgptrial.com

**ATTORNEYS FOR PLAINTIFF**